IN THE MATTER OF THE APPLICATION OF THE CITY OF ATLANTIC CITY FOR A WRIT OF CERTIORARI TO REVIEW AN ORDER OF THE BOARD OF PUBLIC UTILITY COMMISSIONERS, IN THE MATTER OF THE APPLICATION OF ATLANTIC SEWERAGE COMPANY FOR FURTHER INCREASE IN RATES, ETC.

Argued October, 1924—Decided October 23, 1924.

**Public Utilities—Reviews of Orders of Commission—Statutory Provision that Notice of Review Upon Certiorari Must Be Applied for and Copy Served Within 30 Days, Binding.**

Before Justices KALISCH, BLACK and CAMPBELL.

For the applicant, *L. Edward Herrmann.*

*Contra, John J. Treacy* and *Thomas Brown.*

PER CURIAM.

The Atlantic City Sewerage Company made an application on May 14th, 1924, to the board of utility commissioners for an increase in rates to take effect June 3d, 1924.

On August 19th, 1924, the board made the following determinations and order:

*First.* That the value of the petitioner's property as of December 31st, 1923, was $1,708,050, and that the cost of

the thirty-six-inch main, installed in 1924, amounting to $136,956, should be added thereto, making the base for rates $1,845,006.

*Second.* That the return on the above amount should be approximately $138,000.

*Third.* That the petitioner shall install an adequate sewerage system comprising necessary services between curb lines, mains, pumping station and force main, to replace the present sewer system in the Venice Park section of Atlantic City by not later than August 1st, 1927.

*Fourth.* The board is satisfied that the increase in rates submitted are just and reasonable and hereby approves the same.

The board's order, stated May 21st, 1924, suspending the increases, changes and alterations in rates submitted by the company is hereby vacated.

The order is dated August 19th, 1924.

Section 38 of the act entitled "An act concerning public utilities," &c. (*Pamph. L.* 1911, *ch.* 195, *inter alia*), provides: "Any order hereafter made by the board may be reviewed upon *certiorari* by the Supreme Court. No *certiorari* to review any such order shall be allowed unless application therefor be made within thirty days from the date upon which such order becomes effective, nor unless notice in writing of such application shall have been given to said board, with a copy of the affidavits or proofs upon which such application is based; notice of such application shall be served upon the secretary of said board, either personally or by leaving the same at the office of said board in the city of Trenton."

It is clear from the facts before us that more than thirty days have elapsed from the date on which the order became effective before notice was given and application made for the writ, and that the requirement of the statute in respect to the character of and the manner of giving notice of the application was not complied with.

For the reasons given the application for the writ is denied.